IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN KATHRYN LINDSTROM,  )
　)
　　　Plaintiff,  )
　)
　　v.  )　Civil Action No. 16-41-E
　)
CAROLYN W. COLVIN, ACTING  )
COMMISSIONER OF SOCIAL SECURITY,  )
　)
　　　Defendant.  )

O R D E R

AND NOW, this 17th day of August, 2017, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to give appropriate weight to certain medical opinions of record, and (2) improperly evaluating Plaintiff's credibility. The Court disagrees and finds that substantial evidence

1

supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff contends that the ALJ erred in analyzing the medical opinions of record. More specifically, Plaintiff objects to the ALJ giving great weight to the state agency psychologist's opinion, while giving only minimal weight to the opinion of Plaintiff's treating physician.

The Court notes initially that it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his] reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).

The Court finds here that the ALJ properly considered the opinion of non-examining state agency psychologist Ray M. Milke, Ph.D., in his decision. Dr. Milke found Plaintiff to have no more than moderate limitations in any work-related functions. (R. 17, 65-73). Although Plaintiff apparently would prefer that the Court disregard such opinion in favor of that of Plaintiff's treating physician, the Court of Appeals for the Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). Here, the ALJ gave great weight to the opinion of Dr. Milke, whose opinion he found to be "consistent with treating psychiatrist notes, which show largely unremarkable mental status examinations with reports from the claimant at times that she was doing very well." (R. 17). The ALJ also explained that Dr. Milke's "opinion is consistent with the claimant's treatment history, which has consisted of only medication check-ups and monitoring, but no counseling, psychiatric hospitalizations, or partial hospitalizations." (R. 17). Upon careful review, the Court finds that Plaintiff's treatment notes and other evidence of record more than adequately support the ALJ's assessment of Dr. Milke's opinion.

The Court also finds that the ALJ did not err in deciding to give minimal weight to the opinion of treating psychiatrist Asha Prabhu, M.D., in formulating Plaintiff's RFC. Rather, the Court finds that the ALJ properly fulfilled his duty as fact-finder to evaluate fully the opinion of Dr. Prabhu, considering various factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 416.927. Dr. Prabhu, in his opinion, found that Plaintiff would not be able to

2

interact appropriately with coworkers on a sustained basis, would not be able to maintain a regular work schedule, and would not be able to interact appropriately with supervisors. (R. 17, 231). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). At the outset, the ALJ explained that the opinion of Dr. Prabhu "was provided on a check-box form with no underlying explanation or narrative to support his opinion." (R. 17). The Court also notes that the opinion at issue consists merely of a one-page four-question form requesting yes-or-no answers. (R. 231). The ALJ further explained that Dr. Prabhu's opinion is not consistent with the doctor's own treatment notes, "which reveal some intermittent complaints of anxiety and depression, but generally unremarkable mental status examinations and reports at times of doing well." (R. 17). The ALJ also noted that Dr. Prabhu's opinion is inconsistent with Plaintiff's treatment history which, as noted supra, "contains no psychiatric hospitalizations or partial hospitalizations, or any referrals to such treatment." (R. 17). Moreover, the ALJ stressed that Dr. Prabhu's opinion is inconsistent with Plaintiff's "lack of any counseling or emergency room visits for mental symptoms since her application date." (R. 17). Thus, upon close review of Dr. Prabhu's opinion and the medical evidence of record, the Court finds that the ALJ sufficiently explained his reasons for ultimately giving Dr. Prabhu's opinion minimal weight in formulating Plaintiff's RFC.

Second, Plaintiff contends that the ALJ improperly evaluated her credibility. More specifically, Plaintiff argues that "because the ALJ did not adequately consider the medical evidence in this case, it cannot be found that the ALJ adequately considered plaintiff's subjective complaints." (Doc. No. 10, at 15). Upon review, however, the Court finds that the ALJ did in fact properly consider and discuss the evidence of record regarding Plaintiff's alleged symptoms, and that the ALJ did not err in evaluating the credibility of Plaintiff's subjective complaints regarding her impairments.

The Social Security regulations provide that, in determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he or she alleges. See 20 C.F.R. § 416.929(b). Once an impairment is found, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his or her ability to work. See 20 C.F.R. §§ 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). After an ALJ has evaluated a claimant's credibility, that determination is entitled to due deference because of the ALJ's opportunity to observe the claimant and weigh the claimant's testimony against the medical record. See Wier v. Heckler, 734 F.2d 955, 961-62 (3d Cir. 1984). A credibility determination by an ALJ should not be reversed unless it is "inherently incredible or patently unreasonable." Atlantic Limousine, Inc. v. NLRB, 243 F.3d 711, 718-19 (3d Cir. 2001) (internal quotation omitted).

In the decision here, the ALJ concluded that Plaintiff has several severe impairments, including obesity, major depressive disorder, and anxiety. (R. 12). The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 15). However, after examining Plaintiff's subjective complaints and the other evidence of record, including the medical treatment of her impairments, the ALJ ultimately found that such evidence does not fully support the full extent of the limitations alleged by Plaintiff. Quite simply, the ALJ found that "the intensity, persistence, and limiting effects of [Plaintiff's] symptoms are not entirely credible" for the reasons he provided. (R. 15).

The Court notes that the ALJ, in his decision, carefully reviewed and discussed Plaintiff's subjective complaints as well as her limited medical treatment. The ALJ summarized the visits that Plaintiff made to her medical care providers to address her concerns, many of which described her as doing well or at worst as having fairly mild symptoms. (R. 15-16). The ALJ also reviewed Plaintiff's activities of daily living, which revealed significant activities including living in an apartment with a friend, taking care of her personal needs and grooming, preparing simple meals and washing dishes, walking and driving a car, shopping, watching TV and playing dice, and babysitting. (R. 16-17). The ALJ further noted Plaintiff's mild medication history, along with the lack of inpatient treatment, ER visits, or therapy shown in Plaintiff's treatment history. (R. 17). Thus, the Court finds that the ALJ considered Plaintiff's subjective complaints, but ultimately found that the record, which showed only very limited symptoms and treatment along with ample activities of daily living, simply did not fully support her alleged symptoms. The Court finds, therefore, that the ALJ did not err in his consideration of the evidence of record regarding Plaintiff's impairments, and that he provided sufficient explanation as to why he found Plaintiff's allegations regarding her symptoms to be not entirely credible.

Although Plaintiff appears to argue that the ALJ failed to reference certain particular instances in the record where Plaintiff exhibited a symptom, the Court notes that an ALJ is not required to make reference to every relevant treatment note, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Knox v. Astrue, 2010 WL 1212561, at *7 (W.D. Pa. Mar. 26, 2010); Coccarelli-Yacobozzi v. Astrue, 2010 WL 521186, at *10 (W.D. Pa. Feb. 9, 2010). Nevertheless, the Court finds that the ALJ sufficiently discussed and cited all relevant medical records and medical opinions in this case. As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's alleged failure to consider properly any additional evidence of record constitutes reversible error.

In sum, after careful review of the record, the Court finds that the ALJ did not err in assessing the medical opinions and other evidence of record. Additionally, the Court finds that the ALJ did not err in evaluating Plaintiff's credibility regarding her symptoms. Accordingly, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record